IN THE UNITED STATES DISTRICT COURT **07  CV 11170**
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JOHN SCHWARTEN,                                    **COMPLAINT**

                                    Plaintiff,

                    - against -

EXECUTIVE SOUNDING BOARD ASSOCIATES, INC.

                                    Defendant.          **DEMAND FOR
                                                        TRIAL BY JURY**

-------------------------------------------------------------------X

## INTRODUCTION

Plaintiff, JOHN SCHWARTEN, by his attorneys, Meyer, Suozzi, English &
Klein, P.C., brings this action to recover unpaid compensation from Defendant. As and
for his complaint, Plaintiff alleges as follows:

## THE PARTIES

1.  Plaintiff John Schwarten ("Schwarten" or "Plaintiff") is a citizen of the State of
    Connecticut residing at 5 Albrecht Court, Norwalk, Connecticut 06855.

2.  Defendant Executive Sounding Board Associates, Inc. ("ESBA" or "Defendant") is
    incorporated in the State of Pennsylvania and maintains its principal place of business
    at 2 Penn Center Plaza, 1500 John F. Kennedy Boulevard, Suite 1730, Philadelphia,
    PA 19102, and is a citizen of the State of Pennsylvania.

3.  Defendant maintains a place of business at 1350 Broadway, Suite 708, New York,
    New York 10018. Defendant provides financial services and management advice to
    its clients for a fee. Defendant is an employer within the meaning of Section 190 of
    the New York Labor Law.

4. Pursuant to an agreement with ESBA, Plaintiff Schwarten was a commission salesman for ESBA and provided financial services and advice to ESBA and its clients out of ESBA's New York office. Plaintiff is an employee within the meaning of Section 190 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332. The parties are citizens of different states. Plaintiff is a citizen of the State of Connecticut and Defendant is a citizen of the State of Pennsylvania. The amount in controversy exceeds $75,000.00.

6. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(a) because the claim arose in this district. Defendant maintains a place of business in this district and Plaintiff performed his services for Defendant at and/or through such place of business.

## STATEMENT OF FACTS

7. Schwarten was retained in January 2003 by Martin Katz, the President of ESBA (hereinafter "Katz") in the position of "Director". Schwarten was retained to "market" ESBA in the New York metropolitan area by increasing awareness of the firm's existence and the services it provided among potential sources of business referrals. Schwarten and Katz agreed that Schwarten would work on a full-time basis and be paid a bi-weekly amount for such general marketing services.

8. In addition to bi-weekly payments for such general marketing work, Schwarten and Katz agreed that Schwarten's job responsibilities would include seeking to acquire new clients for ESBA.

2

9.  Schwarten and Katz agreed that if a company, investment bank, trustee or creditors committee in a bankruptcy proceeding, or other entity (hereinafter collectively "client") retained ESBA to provide financial services as a result of Schwarten's efforts, ESBA would pay Schwarten a commission of 10% of the fees paid to ESBA by, or in connection with, such client (hereinafter "Commission Agreement").

10. Schwarten and Katz agreed, as a further term of the Commission Agreement, that if a client retained ESBA through the joint efforts of Schwarten and another representative of ESBA, ESBA would pay Schwarten a "split commission" of 5% of the fees paid to ESBA by, or in connection with, such client.

11. Schwarten and Katz also agreed that, in addition to bi-weekly payments for general marketing work and commission payments, ESBA would pay Schwarten for hours he billed to clients of ESBA at the rate of $125 per hour (hereinafter "Billed Hours Agreement").

12. Based upon ESBA's promises regarding payment for general marketing work, commissions and billed hours, Schwarten accepted a full-time position with ESBA, did not pursue or accept positions with other firms, and continued to provide services to ESBA through March 2007 when ESBA terminated his services. In a letter dated March 2, 2007, Schwarten was told that his position was being terminated "based on current conditions in the market place affecting the business and workload of the firm. When and if business conditions improve and the situation warrants, Executive Sounding Board Associates, Inc. will consider recalling you to resume providing services for the firm and its clients."

3

## A.    Unpaid Commissions

13. In or around February 2004, through Schwarten's efforts, Cozzoli Machine Company retained ESBA to provide financial services and advice.  Upon information and belief, Cozzoli Machine Company to date has paid ESBA $30,000 in fees.  Pursuant to the Commission Agreement, ESBA is required to pay Schwarten a 10% commission of the fees collected, in the amount of $3,000.  Schwarten has demanded payment of said commission, but ESBA has willfully failed and refused to pay Schwarten said commission.

14. In or around December 2003, through Schwarten's efforts, Howe Laboratories (also known as Duralube) retained ESBA to provide financial services and advice.  Upon information and belief, Howe Laboratories to date has paid ESBA $12,500.00 in fees. Pursuant to the Commission Agreement, ESBA is required to pay Schwarten a 10% commission of the fees collected, in the amount of $1,250.00.   Schwarten has demanded payment of said commission, but ESBA has willfully failed and refused to pay Schwarten said commission.

15. On June 23 2005, through Schwarten's efforts, Debtors in Possession Food Management Group, LLC, KMA I, Inc., KMA II, Inc., KMA III, Inc., and the Bronx Donut Bakery, Inc. (collectively "FMG") retained ESBA to provide financial services and advice. Such retention was approved by Order of the United States Bankruptcy Court for the Southern District of New York on August 19, 2005.

16. On September 2, 2005 a Chapter 11 Trustee was appointed to supervise the affairs of FMG by Order of the Bankruptcy Court.

17. Effective September 2, 2005, through Schwarten's efforts, ESBA was retained by the Trustee in the FMG bankruptcy proceeding. Such retention was approved by Order of the Bankruptcy Court on December 19, 2005.

18. By Bankruptcy Court Order dated October 26, 2006, ESBA was awarded fees for services provided in the FMG bankruptcy proceeding totaling $462,330.75, of which $231,165.38 was to be paid immediately and $231,165.37 was to be held back as a future administrative claim against the estate.

19. By Bankruptcy Court Order dated November 6, 2006, ESBA was awarded a retainer of $50,000.00 to provide further services for the Trustee in the FMG bankruptcy proceeding.

20. By Court order dated October 7, 2007, ESBA was awarded fees totaling $255,270.00 of which $127,635.00 was to be paid immediately and $127,635.00 was to be held back as a future administrative claim against the estate.

21. Upon information and belief, ESBA to date has been paid fees in the FMG matter totaling $408,800.38. Pursuant to the Commission Agreement, ESBA is required to pay Schwarten a 10% commission of the fees collected, in the amount of $40,880.04. Of this amount, ESBA to date has paid Schwarten $7,500.00, leaving a balance due of $33,380.04. Schwarten has demanded payment of the balance due on said commission, but ESBA has willfully failed and refused to pay Schwarten the balance due on said commission.

22. In or around March 2006, through the joint efforts of Schwarten and another representative of ESBA, the Official Committee of Unsecured Creditors in a bankruptcy proceeding involving SND Electronics retained ESBA to provide

5

financial services and advice. Upon information an belief, ESBA has been paid $15,000.00 in fees by, or in connection with, said client. Pursuant to the Commission Agreement, ESBA is required to pay Schwarten a "split commission" of 5% of the fees collected in the amount of $750.00. Schwarten has demanded payment of said commission, but ESBA has willfully failed and refused to pay Schwarten said commission.

23. In or around September 2006, through Schwarten's efforts, the Official Committee of Unsecured Creditors in a bankruptcy proceeding involving 1945 Route 23 Associates (also known as "Strauss Discount Auto") retained ESBA to provide financial services and advice. Upon information and belief, ESBA has been paid $90,933.75 in fees by, or in connection with, said client. Pursuant to the Commission Agreement, ESBA is required to pay Schwarten a 10% commission of the fees collected in the amount of $9,093.38. Schwarten has demanded payment of said commission, but ESBA has willfully failed and refused to pay Schwarten said commission.

24. In or around June 2005, through the joint efforts of Schwarten and another representative of ESBA, Clean 'R Us retained ESBA to provide financial services and advice. Upon information and belief, ESBA has been paid $135,000.00 in fees to date by Clean 'R Us. Pursuant to the Commission Agreement, ESBA is required to pay Schwarten a "split commission" of 5% of the fees collected in the amount of $6,750.00. Schwarten has demanded payment of said commission, but ESBA has willfully failed and refused to pay Schwarten said commission.

25. The total of the above-stated commissions which ESBA has willfully failed and refused to pay to Schwarten is $54,223.42.

## B.    Future Commissions

26. Upon information and belief, ESBA will collect an additional $358,800.37 in fees already awarded by the Court Order in the FMG bankruptcy.    Pursuant to the Commission Agreement, ESBA is required to pay Schwarten a 10% commission of the fees collected, in the amount of $35,880.04.

27. Upon information and belief, ESBA will collect an unpaid balance of fees due from Clean 'R Us in the amount of $40,000.00. Pursuant to the Commission Agreement, ESBA is required to pay Schwarten a 10% commission of the fees collected, in the amount of $4,000.00.

28. The total of the above-stated commissions due to be paid on fees already incurred and/or awarded is $39,880.04.

## C.  Unpaid Billable Hours

29. Pursuant to the Billed Hours Agreement, ESBA agreed to pay Schwarten $125.00 for hours he billed to a client of ESBA.  ESBA required Schwarten to submit periodic billing records setting forth hours to be billed to clients of ESBA.

30. In or around January 2006, Schwarten billed 3 hours to ESBA's client American Monetary Systems.  Pursuant to the Billed Hours Agreement, ESBA is required to pay Schwarten $375.00 for hours billed to said client.  Schwarten has demanded payment for said billed hours, but ESBA has willfully failed and refused to pay Schwarten for said billed hours.

31. In or around June through September 2005, Schwarten billed 122.7 hours to ESBA's client Clean R' Us.  Pursuant to the Billed Hours Agreement, ESBA is required to pay Schwarten $15,337.50 for hours billed to said client.  Schwarten has demanded

7

payment for said billed hours, but ESBA has willfully failed and refused to pay Schwarten for said billed hours.

32. In or around June 2005 through March 2007, Schwarten billed 77 hours to ESBA's client Food Management Group. Pursuant to the Billed Hours Agreement, ESBA is required to pay Schwarten $9,625.00 for hours billed to said client. Schwarten has demanded payment for said billed hours, but ESBA has willfully failed and refused to pay Schwarten for said billed hours.

33. In or around May through June 2006, Schwarten billed 12 hours to ESBA's client Local Truck Rental. Pursuant to the Billed Hours Agreement, ESBA is required to pay Schwarten $1,500.00 for hours billed to said client. Schwarten has demanded payment for said billed hours, but ESBA has willfully failed and refused to pay Schwarten for said billed hours.

34. In or around August through September 2006, Schwarten billed 30.5 hours to ESBA's client PAER Ahnert. Pursuant to the Billed Hours Agreement, ESBA is required to pay Schwarten $3,812.50 for hours billed to said client. Schwarten has demanded payment for said billed hours, but ESBA has willfully failed and refused to pay Schwarten for said billed hours.

35. In or around October through November 2006, Schwarten billed 14.8 hours to ESBA's client Strauss Discount Auto. Pursuant to the Billed Hours Agreement, ESBA is required to pay Schwarten $1,850.00 for hours billed to said client. Schwarten has demanded payment for said billed hours, but ESBA has willfully failed and refused to pay Schwarten for said billed hours.

36. In or around March 2005, Schwarten billed 10 hours to ESBA's client Alexus. Pursuant to the Billed Hours Agreement, ESBA is required to pay Schwarten $1,250.00 for hours billed to said client. Schwarten has demanded payment for said billed hours, but ESBA has willfully failed and refused to pay Schwarten for said billed hours.

37. In or around January through March 2005, Schwarten billed 75 hours to ESBA's client Cozzoli Machine Company. Pursuant to the Billed Hours Agreement, ESBA is required to pay Schwarten $9,375.00 for hours billed to said client. Schwarten has demanded payment for said billed hours, but ESBA has willfully failed and refused to pay Schwarten for said billed hours.

38. In or around January 2005, Schwarten billed 41 hours to ESBA's client Howe Laboratories (Duralube). Pursuant to the Billed Hours Agreement, ESBA is required to pay Schwarten $5,125.00 for hours billed to said client. Schwarten has demanded payment for said billed hours, but ESBA has willfully failed and refused to pay Schwarten for said billed hours.

39. The total payment due for the above-stated billed hours which ESBA has willfully failed and refused to pay Schwarten is $48,250.00.

### FIRST CLAIM FOR RELIEF:
### FAILURE TO PAY COMMISSIONS IN VIOLATION
### OF NEW YORK LABOR LAW SECTION 191(1)(c)

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 of this complaint with the same force and effect as if fully set forth herein, and asserts the following Claim for Relief in conjunction with, or in the alternative to, the other Claims for Relief asserted herein.

9

41. In accordance with the agreed upon terms of employment, Schwarten brought new clients to ESBA through his sole efforts or through joint efforts with another representative of ESBA, and said new clients paid fees to ESBA, as set forth herein above in this complaint.

42. Defendant violated Section 191(1)(c) of the New York Labor Law by failing and refusing to pay Schwarten commissions earned as a result of bringing said new clients to ESBA in accordance with the agreed terms of employment.  Said violation is willful.

43. By reason of the above violations, ESBA owes Schwarten commissions in accordance with the provisions of Article 6 of the Labor Law of the State of New York, specifically Labor Law §§ 191(1)(c) and 198, in an amount to be determined at trial but believed to be in excess of $54,223.42, together with reasonable attorneys' fees, twenty-five percent (25%) of the recovery as liquidated damages, interest, costs and disbursements.

### SECOND CLAIM FOR RELIEF:
### FAILURE TO PAY WAGES BASED ON BILLED HOURS IN
### VIOLATION OF NEW YORK LABOR LAW SECTION 191(1)(d)

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 of this complaint with the same force and effect as if fully set forth herein, and asserts the following Claim for Relief in conjunction with, or in the alternative to, the other Claims for Relief asserted herein.

45. In accordance with the agreed upon terms of employment, Schwarten billed hours to clients of ESBA, as set forth herein above in this complaint.

46. Defendant violated Section 191(1)(d) of the New York Labor Law by failing and refusing to pay Schwarten wages at the rate of $125 per hour for hours billed to clients of ESBA in accordance with the agreed terms of his employment. Said violation is willful.

47. By reason of the above violations, ESBA owes Schwarten wages for billed hours in accordance with the provisions of Article 6 of the Labor Law of the State of New York, specifically Labor Law §§ 191(1)(c) and 198, in an amount to be determined at trial but believed to be in excess of $48,250.00, together with reasonable attorneys' fees, twenty-five percent (25%) of the recovery as liquidated damages, interest, costs and disbursements.

### THIRD CLAIM FOR RELIEF:
### BREACH OF CONTRACT FOR UNPAID COMMISSIONS

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 47 of this complaint with the same force and effect as if fully set forth herein, and asserts the following Claim for Relief in conjunction with, or in the alternative to, to the other Claims for Relief asserted herein.

49. An agreed term of the Commission Agreement between Schwarten and ESBA was that ESBA would pay Schwarten a commission of 10% of fees paid to ESBA by, or in connection with, clients brought into the firm as a result of Schwarten's efforts, or 5% of fees paid to ESBA by, or in connection with, clients brought into the firm as a result of the joint efforts of Schwarten and another representative of ESBA. Such commissions were payable upon the payment of fees to ESBA.

50. Schwarten performed in accordance with the terms of his contract with ESBA by bringing new clients to the firm through his sole efforts or through joint efforts with another representative of ESBA, as set forth herein above in this complaint.

51. ESBA has willfully failed and refused to pay Schwarten commissions due to him in accordance with the agreed terms of their contract, even though demand for the same has been made.

52. By reason of the above, ESBA has breached its contract with Schwarten and proximately caused Schwarten damages in an amount to be ascertained at trial, but believed to be in excess of $54,223.42 together with interest thereon.

## FOURTH CLAIM FOR RELIEF:
## BREACH OF CONTRACT
## FOR COMPENSATION FOR BILLED HOURS

53. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52 of this complaint with the same force and effect as if fully set forth herein, and asserts the following Claim for Relief in conjunction with, or in the alternative to, to the other Claims for Relief asserted herein.

54. An agreed term of the Billed Hours Agreement between Schwarten and ESBA was that ESBA would pay Schwarten $125 per hour for hours Schwarten billed to clients of ESBA.

55. Schwarten performed in accordance with the terms of his contract with ESBA by providing services to and billing hours to clients of ESBA, as set forth herein above in this complaint.

56. ESBA has willfully failed and refused to pay Schwarten for hours Schwarten billed to clients of ESBA, even though demand for the same has been made.

57. By reason of the above, ESBA has breached its contract with Schwarten and proximately caused Schwarten damages in an amount to be ascertained at trial, but believed to be in excess of $48,250.00 together with interest thereon.

## FIFTH CLAIM FOR RELIEF:
## BREACH OF IMPLIED-IN-FACT CONTRACT
## FOR UNPAID COMMISSIONS

58. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 57 of this complaint with the same force and effect as if fully set forth herein, and asserts the following Claim for Relief in conjunction with, or in the alternative to, to the other Claims for Relief asserted herein.

59. When ESBA hired Schwarten, and continuously throughout the time Schwarten worked for ESBA, Schwarten and ESBA had a meeting of the minds that ESBA would pay Schwarten a commission of 10% of fees paid to ESBA by, or in connection with, clients brought into the firm as a result of Schwarten's efforts, or 5% of fees paid to ESBA by, or in connection with, clients brought into the firm as a result of the joint efforts of Schwarten and another representative of ESBA.  Such commissions were payable upon the payment of fees to ESBA.

60. Schwarten performed in accordance with the terms of this meeting of minds with ESBA by bringing new clients to the firm through his sole efforts or through joint efforts with another representative of ESBA, as set forth herein above in this complaint.

61. At all relevant times herein stated, ESBA and Schwarten conducted themselves in accordance with the aforestated meeting of the minds, by ESBA making partial

commission payments on the basis herein above stated, reiterating its promise to Schwarten to pay commissions, and by other conduct as set forth herein above.

62. ESBA has willfully failed and refused to pay Schwarten commissions due to him in accordance with their implied-in-fact contract, even though demand for the same has been made.

63. By reason of the above, ESBA has breached its implied-in-fact contract with Schwarten and proximately caused Schwarten damages in an amount to be ascertained at trial, but believed to be in excess of $54,223.42 together with interest thereon.

### SIXTH CLAIM FOR RELIEF:
### BREACH OF IMPLIED-IN-FACT CONTRACT
### FOR COMPENSATION FOR BILLED HOURS

64. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 63 of this complaint with the same force and effect as if fully set forth herein, and asserts the following Claim for Relief in conjunction with, or in the alternative to, to the other Claims for Relief asserted herein.

65. When ESBA hired Schwarten, and continuously throughout the time Schwarten worked for ESBA, Schwarten and ESBA had a meeting of the minds that ESBA would pay Schwarten $125 per hour for hours he billed to clients of ESBA.

66. Schwarten performed in accordance with the terms of this meeting of minds with ESBA by billing hours to clients of ESBA, as set forth herein above in this complaint.

67. At all relevant times herein stated, ESBA and Schwarten conducted themselves in accordance with the aforestated meeting of the minds, by ESBA requiring Schwarten to submit periodic billing reports, and by other conduct as set forth herein above.

68. ESBA has willfully failed and refused to pay Schwarten compensation for hours he billed to clients of ESBA in accordance with their implied-in-fact contract, even though demand for the same has been made.

69. By reason of the above, ESBA has breached its implied-in-fact contract with Schwarten and proximately caused Schwarten damages in an amount to be ascertained at trial, but believed to be in excess of $48,250.00, together with interest thereon.

**SEVENTH CLAIM FOR RELIEF:**
**PROMISSORY ESTOPPEL FOR UNPAID COMMISSIONS**

70. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 69 of this complaint with the same force and effect as if fully set forth herein, and asserts the following Claim for Relief in conjunction with, or in the alternative to, to the other Claims for Relief asserted herein.

71. ESBA's policy during the period Schwarten provided services to the firm was to pay a commission of 10% of fees paid to ESBA by, or in connection with, clients brought into the firm as a result of the service provider's efforts, or 5% of fees paid to ESBA by, or in connection with, clients brought into the firm as a result of the joint efforts of the service provider and another representative of ESBA. Such commissions were due and payable upon a client's payment of fees to ESBA.

72. ESBA induced Schwarten to accept a full-time position with ESBA and acquire clients for ESBA with the promise that it would pay Schwarten commissions on the basis set forth above.

73. By commencing and continuing to provides services to ESBA during the time periods set forth herein, and by not pursuing or accepting employment and/or retainers with

other firms or companies, Schwarten relied to his detriment on ESBA's policy and promise to pay commissions on the basis set forth above.

74. ESBA has willfully failed and refused to pay Schwarten commissions due and payable to him, even though demand for the same has been made.

75. By reason of the above, Plaintiff is entitled to be paid commissions ESBA promised to pay him in an amount to be ascertained at trial, but believed to be in excess of $54,223.42, with interest thereon.

## EIGHTH CLAIM FOR RELIEF:
## PROMISSORY ESTOPPEL FOR UNPAID BILLED HOURS

76. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 75 of this complaint with the same force and effect as if fully set forth herein, and asserts the following Claim for Relief in conjunction with, or in the alternative to, to the other Claims for Relief asserted herein.

77. ESBA induced Plaintiff to accept a full-time position with ESBA with the promise that it would pay additional compensation to Plaintiff for hours he billed to clients of ESBA at the rate of $125 per hour.

78. By commencing and continuing to provide services to ESBA during the time periods set forth herein, and by not pursuing or accepting employment and/or retainers with other firms or companies, Plaintiff relied to his detriment on ESBA's promise to pay compensation for hours billed to clients of ESBA.

79. ESBA has willfully failed and refused to pay Plaintiff compensation for hours which Plaintiff billed to clients of ESBA, although payment of same has been duly demanded.

80. By reason of the above, Plaintiff is entitled to be paid compensation ESBA promised to pay him for hours he billed to clients of ESBA in an amount to be ascertained at the time of trial but believed to be in excess of $48,250.00, together with interest thereon.

### NINTH CLAIM FOR RELIEF:
### QUANTUM MERUIT FOR UNPAID COMMISSIONS

81. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 80 of this complaint with the same force and effect as if fully set forth herein, and asserts the following Claim for Relief in conjunction with, or in the alternative to, to the other Claims for Relief asserted herein.

82. When ESBA hired Schwarten and continuously throughout the time he provided services to ESBA, ESBA promised to pay Schwarten a commission of 10% of fees paid to ESBA by, or in connection with, clients brought into the firm as a result of the service provider's efforts, or 5% of fees paid to ESBA by, or in connection with, clients brought into the firm as a result of the joint efforts of the service provider and another representative of ESBA.

83. ESBA induced Schwarten to accept a full-time position with ESBA and acquire clients for ESBA by making the promise to pay commissions on said basis.

84. Schwarten relied to his detriment on ESBA's promise to pay commissions upon said basis by acquiring new clients for ESBA and providing services to ESBA during the time periods set forth herein and by not pursuing or accepting employment and/or retainers with other firms or companies.

85. Schwarten brought clients into the firm, through his sole efforts or through joint efforts with another representative of ESBA, and such clients paid fees to ESBA, as set forth herein this complaint.

86. ESBA has willfully failed and refused to pay Schwarten commissions due and payable to him, even though demand for the same has been made.

87. By reason of the above, ESBA has been unjustly enriched by not performing its promise of paying Schwarten commissions upon the basis set forth herein above, and owes Schwarten commissions in an amount to be ascertained at trial, but believed to be in excess of $54,223.42, with interest thereon.

## TENTH CLAIM FOR RELIEF:
### QUANTUM MERUIT FOR UNPAID BILLED HOURS

88. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 87 of this complaint with the same force and effect as if fully set forth herein, and asserts the following Claim for Relief in conjunction with, or in the alternative to, to the other Claims for Relief asserted herein.

89. When ESBA hired Schwarten and continuously throughout the time he provided services to ESBA, ESBA promised to pay Schwarten additional compensation for hours he billed to clients of ESBA at the rate of $125 per hour.

90. ESBA induced Plaintiff to accept a full-time position with ESBA by making said promise to pay compensation for billed hours.

91. Plaintiff relied to his detriment on ESBA's said promise to pay to pay compensation for billed hours, by commencing and continuing to provide services to ESBA during the times periods set forth herein and by not pursuing or accepting employment and/or retainers with other firms or companies.

92. Plaintiff billed in excess of 386 hours to clients of ESBA.

93. ESBA has willfully failed and refused to pay Plaintiff compensation for billed hours, although payment of same has been duly demanded.

94. By reason of the above, ESBA has been unjustly enriched by not performing its promise of paying Schwarten for hours billed to clients of ESBA and owes Schwarten payment for billed hours in an amount to be ascertained at trial, but believed to be in excess of $48,250.00, with interest thereon.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter an Order and Judgment:

a)    As to the First and Second Claims for Relief for unpaid commissions and unpaid billed hours, declaring that Defendant has violated Sections 191(1)(c) and 191(d) of Article 6 of the New York Labor Law, and directing Defendant pursuant to Section 198 of Article 6 of the New York Labor Law to pay damages to Plaintiff as follows:

       i)    unpaid commissions in the amount of $54,223.42, or in an amount to be determined at trial;

      ii)    unpaid billed hours in the amount of $48,250.00, or in an amount to be determined at trial;

     iii)    reasonable attorneys' fees;

     iv)    an additional amount as liquidated damages equal to twenty-five percent (25%) of the total amount of the unpaid commissions and unpaid billed hours found to be due; and

     v)    interest, costs and disbursements.

19

b)    In the alternative, as to the Third and Fourth Claims for Relief, declaring that Defendant breached its contract with Plaintiff, and directing Defendant to pay damages to Plaintiff as follows:

> i)    unpaid commissions in the amount of $54,223.42, or in an amount to be determined at trial;
>
> ii)   unpaid billed hours in the amount of $48,250.00, or in an amount to be determined at trial;
>
> iii)  reasonable attorneys' fees; and
>
> iv)   interest, costs and disbursements.

c)    In the alternative as to the Fifth and Sixth Claims for Relief declaring that Defendant breached its implied-in-fact contract with Plaintiff; or in the alternative as to the Seventh and Eighth Claims for Relief declaring that Defendant is promissorily estopped from not paying commissions and billed hours to Plaintiff; or in the alternative as to the Ninth and Tenth Claims for Relief declaring that Defendant would be unjustly enriched if it did not pay commissions and billed hours to Plaintiff; and directing Defendant to pay damages to Plaintiff as follows:

> i)    unpaid commissions in the amount of $54,223.42, or in an amount to be determined at trial;
>
> ii)   unpaid billed hours in the amount of $48,250.00, or in an amount to be determined at trial;
>
> iii)  reasonable attorneys' fees; and
>
> iv)   interest, costs and disbursements.

d)    Declaring pursuant to 28 U.S.C. Section 2201 that Defendant shall pay Plaintiff a commission of 10% of fees collected in the future by Defendant from clients Plaintiff acquired for Defendant, in the amount of $39,880.04, or in an amount to be determined at trial, together with interest thereon;

e)    On all Claims for Relief, an award to Plaintiff of the costs and disbursements of this action, together with his reasonable attorneys' fees;

f)    On all Claims for Relief, an award to Plaintiff reflecting any negative tax consequences to Plaintiff of the verdict in Plaintiff's favor; and

g)    Such other and further legal and equitable relief to which Plaintiff is entitled as may be deemed necessary, just and proper by this Court.

### JURY DEMAND

Plaintiff demands a trial by jury of all issues in this action.

Dated: New York, New York
        December 11, 2007

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By:    _Linda E. Rodd_

Linda E. Rodd, **LR #2159**
1350 Broadway, Suite 501
New York, New York 10018
(212) 239-4999